**IRWIN UNION BANK AND TRUST COMPANY, a Washington corporation, Respondent,**

v.

**SPEEDY CAR WASH, INC., a Texas corporation, et al., Defendants,**

v.

**Raymond L. Zeug, Appellant.**

**No. A03–559.**

Court of Appeals of Minnesota.

Dec. 16, 2003.

Eric W. Forsberg, Minneapolis, MN, for appellant.

George E. Warner, Jr., Scott A. Lifson, Bernick and Lifson, Minneapolis, MN, for respondent.

Considered and decided by Randall, Presiding Judge; Minge, Judge; and Poritsky, Judge.

## OPINION

PORITSKY, Judge.*

Respondent, a foreign corporation, obtained a default judgment in Texas against appellant. Respondent filed in Hennepin County district court a certified copy of the foreign judgment, together with an ex parte application for prejudgment garnishment of appellant's Minnesota assets. The district court issued an order permitting respondent to immediately issue a garnishment summons. After the summons was served, appellant moved to vacate the garnishment. His motion was denied. Because we hold that for a prejudgment garnishment summons to issue, a summons

and complaint in a Minnesota action must be filed and subsequently served, we reverse.

## FACTS

In October 2002, respondent Irwin Union Bank and Trust Company ("the bank" or "Union Bank") obtained a default judgment for $66,450 plus interest of $2,731 and attorney fees of $22,150 against appellant Raymond L. Zeug in Bexar County, Texas. Zeug maintained a bank account at the State Bank of Lucan in Lucan, Minnesota.

In March 2003, Union Bank filed with Hennepin County District Court a certified copy of the Texas judgment, an ex parte application for prejudgment garnishment, and a supporting affidavit informing the court that "[the bank] is reliably informed that were ... Zeug given advance notice of a garnishment or other proceedings in Minnesota to domesticate or enforce the Texas judgment, [Zeug] would assign, secrete, or dispose of [his] non-exempt property presently on deposit with the State Bank of Lucan." The bank did not file a Minnesota summons and complaint. The district court, citing the prejudgment garnishment statute (Minn.Stat. §§ 571.93, .931, .932, (2002)), authorized the bank to issue a garnishment summons, and the State Bank of Lucan froze Zeug's account. Zeug served and filed a motion to vacate the garnishment. Following a hearing, the district court denied Zeug's motion. He challenges that denial.

## ISSUE

May a foreign-judgment creditor garnish the judgment debtor's assets under Minn.Stat. §§ 571.93 and 571.931 (2002) without filing and subsequently serving a

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

summons and complaint in a Minnesota action?

## ANALYSIS

■ The construction of a statute is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc., v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998). The facts in this matter are undisputed. Whether a statute applies to the undisputed facts of a case is a question of law; the district court's decision does not bind this court. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996).

Zeug argues that to proceed on the Texas judgment in Minnesota, "the bank had two choices, either to commence a new action by serving the summons and complaint upon Zeug or by use of the procedures set forth in the Uniform Enforcement of Foreign Judgments Act ..." (UEFJA). The bank did not proceed under the UEFJA. Instead it proceeded under Minn.Stat. §§ 571.93 and 571.931 (2002). Section 571.93, subdivision 1 reads in relevant part:

> The court may order the issuance of a garnishment summons before judgment or default in the civil action, *if a summons and complaint, or copies of these documents, are filed* with the appropriate court, and if, upon application to the court, it appears that any of the following grounds exist:
>
> (1) the debtor has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the debtor's nonexempt property, with intent to delay or defraud any of debtor's creditors;
>
> .... or
>
> (6) the purpose of the garnishment is to establish quasi in rem jurisdiction and
>
> ....

(ii) a judgment had previously been obtained in another state consistent with due process....

Minn.Stat. § 571.93, subd. 1 (2002) (emphasis added).

The bank sought to enforce its Texas judgment against Zeug by filing an ex parte application for pre-judgment garnishment of Zeug's Minnesota bank account. The application stated that the effect of the garnishment "will be to establish quasi in rem jurisdiction over ... Zeug for the purpose of enforcing the Texas judgment" and that "[a] judgment has previously been obtained against ... Zeug in another State consistent with due process." It also said that "[the bank] reasonably believes that if given prior notice of [the bank's] garnishment ... Zeug would assign, secrete, or otherwise dispose of non-exempt property with the intent to delay and frustrate the efforts of [the bank] to enforce the judgment against ... Zeug." But, as we have noted, the bank did not file a Minnesota summons and complaint, nor does it appear from the record that a Minnesota summons and complaint were subsequently served on Zeug.

We conclude that in order to proceed under sections 571.93 and 571.931, a foreign-judgment creditor must give the Minnesota court jurisdiction by filing and subsequently serving a summons and complaint, thus starting a separate action in this state. The prejudgment garnishment statute specifically provides for a foreign-judgment creditor to obtain quasi-in-rem jurisdiction over the debtor's Minnesota assets. Minn.Stat. § 571.93, subd. 1(6)(ii) (2002). Once the creditor complies with the requirements of the prejudgment garnishment statute, the creditor can take advantage of the procedures available under the statute, including serving a garnishment summons before giving notice to

the debtor. Minn.Stat. §§ 571.93–.931 (2002).

■ The bank states that it "filed an action in Hennepin County" and argues that it "filed a civil action with the appropriate court and proceeded by written application." What the bank filed, however, was the Texas judgment. Filing a foreign judgment does not satisfy the statute. The plain language of the statute requires the filing of, "a summons and complaint, or copies of these documents...." Minn. Stat. 571.93, subd.1 (2002). And when the legislature chose to refer to a foreign judgment, it expressly used the language "a judgment ... previously ... obtained in another state." Minn.Stat. § 571.93, subd. 1(6)(ii) (2002). The statute specifies both the obtaining of a foreign judgment *and* the filing of the Minnesota action. Thus, the legislature did not intend that filing a foreign judgment was to be the equivalent of filing a Minnesota summons and complaint. The prejudgment garnishment statute goes on to provide that, if a garnishment summons issues before hearing, as it did in this case, a creditor is to serve "a copy of all pleadings and other documents not previously served...." Minn. Stat. § 571.931, subd. 6 (2002).[1] Such service is to be accomplished "in the manner prescribed for personal service of a summons, unless that service is impracticable or would be ineffective, and the court prescribes an alternative method of service." *Id.* Thus, the prejudgment garnishment statute contemplates that a summons and complaint are to be filed with the court and subsequently served, thereby initiating a Minnesota action. Minn. R. Civ. P. 3.01(a) ("A civil action is commenced against each defendant when the summons is served upon that defendant.") We conclude that, because the bank failed to comply with the requirements of section 571.93, the garnishment summons is void.

Zeug also argues that the garnishment is void because the bank did not comply with the UEFJA when it initiated a proceeding prior to the expiration of the twenty-day notice period provided for in the UEFJA, in Minn.Stat. § 548.28 (2002). Because the bank did not proceed under the UEFJA, and because we have concluded that the garnishment summons is void by reason of the bank's failure to comply with the provisions of the prejudgment garnishment statute, we need not address this argument.

## DECISION

We conclude that a foreign-judgment creditor may not garnish a judgment debtor's assets under Minn.Stat. §§ 571.93 and 571.931 (2002) without first filing and subsequently serving a summons and complaint in a Minnesota action. Therefore, we reverse the denial of Zeug's motion to vacate the garnishment.

**Reversed.**

---

1. In the case of a garnishment summons issued *after* notice and hearing, the applicable statute contemplates that an action will have been initiated. The statutory notice to the debtor reads in part, "[T]he court will decide whether your property should be garnished until *the lawsuit which has been commenced against you* has been decided." Minn.Stat. § 571.932, subd. 2 (2002) (emphasis added).